IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMVAC Chemical Corporation,<br>4695 MacArthur Court, Suite 1250<br>Newport Beach, CA  92660<br><br>    Plaintiff,<br><br>v.<br><br>United States Environmental<br>Protection Agency<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20460; and<br><br>Stephen L. Johnson, in his official<br>capacity as Administrator of the U.S.<br>Environmental Protection Agency<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20460.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff AMVAC Chemical Corporation ("Plaintiff" or "AMVAC"), through counsel, for its Complaint in this action, states as follows:

1.    This is a civil action under the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.* and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, seeking review of a Final Determination by the United States Environmental Protection Agency ("EPA" or "Agency") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, that certain materials

submitted to the EPA are not entitled to protection from disclosure under the exemption of FOIA set forth at 5 U.S.C. § 552(b)(4).

2. Plaintiff manufactures a product for the protection of crop, human, and animal health that is subject to registration under the Federal Insecticide, Rodenticide and Fungicide Act ("FIFRA"), and has been registered as safe for residential pest strip use for over 40 years.

Defendant EPA is charged with regulating residential pest strips in accordance with FIFRA and other laws.

3. In response to a request made to the EPA, AMVAC asserted that certain correspondence between AMVAC and the EPA, and responsive to that request, contained confidential business information within the purview of 5 U.S.C. § 552(b)(4). The EPA issued a final determination denying that claim.

4. AMVAC is seeking a declaration that EPA erred in determining that the materials in the correspondence at issue constitute confidential business information is not entitled to protection under 5 U.S.C. § 554(b)(4), and that the materials in question are entitled to such protection. AMVAC is further seeking permanent injunction requiring the EPA to comply with FOIA and withhold such correspondence from disclosure.

## THE PARTIES

5. AMVAC is a Delaware corporation with its principal place of business in Los Angeles, California.

6. Defendant United States Environmental Protection Agency is an agency of the United States government charged with enforcing the environmental laws of the United States. EPA is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701(b).

7. Defendant Stephen L. Johnson is the Administrator of the EPA.

## JURISDICTION AND VENUE

8. This Court has both jurisdiction over this action and over the parties pursuant to 5 U.S.C. § 701, *et seq.*, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

9. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 703 and 28 U.S.C. § 1391.

## FACTS

10. AMVAC manufactures and formulates chemicals for crop, human, and animal health protection, including insecticide products containing DDVP (dichlorvos (2,2-dichcorovinyl dimethyl phosphate)). DDVP is the active ingredient used in many pest strips, insect sprays and fogging products. DDVP is a registered and approved chemical under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136-136y. DDVP has been registered for use as a pesticide in the United States for over 40 years. This case involves certain correspondence between AMVAC and the EPA regarding AMVAC's pesticide products that contain DDVP.

11. In 2002, AMVAC corresponded with the EPA in connection with its concern that certain public statements made and actions taken by the EPA may violate certain laws and may justify legal action against the agency.

12. In connection with those discussions regarding the specific claims, there was correspondence with the EPA, including a November 12, 2002 letter from counsel for AMVAC to the EPA, AMVAC that contained information that constitutes confidential business information and is exempt from FOIA disclosure as "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4).

3

13. On September 16, 2004, the Natural Resource Defense Council submitted a FOIA request to EPA, which the EPA believes includes the documents referred to above.

14. EPA temporarily denied this FOIA request, and in letters dated June 13, 2005 and August 10, 2005, EPA requested that AMVAC substantiate its claim of confidentiality. By letters dated July 12, 2005 and September 7, 2005, AMVAC submitted responses to EPA's request.

15. On October 5, 2005, EPA made a final determination (the "Final Determination") denying AMVAC's claim, finding that "the information claimed as confidential is not entitled to confidential treatment." A copy of the Final Determination is attached hereto as Exhibit A and is submitted under seal.

16. EPA's Final Determination was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance to law.

## CLAIMS FOR RELIEF

### Count One
### (Declaratory Judgment and Injunctive Relief)

17. AMVAC hereby incorporates by reference paragraphs 1 through 16 above, as though fully set forth herein.

18. By reason of the foregoing, a present and actual justiciable controversy exists between AMVAC and EPA. A declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties to this action.

19. AMVAC would suffer irreparable harm were the EPA to disclose the statements at issue.

20. An injunction preventing the EPA from disclosing the statements at issue would not substantially harm other interested parties.

21. Issuance of an injunction is in the public.

22. All elements required to grant injunctive relief are present and AMVAC is entitled to such relief.

## PRAYER FOR RELIEF

AMVAC prays that the Court enter judgment in its favor and:

A. declare that the Final Determination of the EPA is arbitrary, capricious and inconsistent with law;

B. declare that the statements at issue constitute confidential business information exempt from disclosure under the Freedom of Information Act pursuant to 5 U.S.C. § 552(b)(4);

C. enter a Permanent Injunction requiring that the EPA withhold from disclosure under the Freedom of Information Act the correspondence that AMVAC has designated as containing confidential business information;

D. award reasonable attorneys' fees and costs; and

E. award such other and further relief as the Court may deem appropriate..

November 10, 2005

        KIRKPATRICK & LOCKHART NICHOLSON
        GRAHAM LLP

        */s/ Michele Levy Berlove*
        Barry M. Hartman (Bar No. 291617)
        Michele Levy Berlove (Bar No. 468883)
        1800 Massachusetts Avenue, N.W.
        Washington, D.C. 20036-1800
        (202) 778-9000
        bhartman@klng.com
        mberlove@klng.com

# Exhibit A

# Filed Under Seal