UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMVAC CHEMICAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> Defendants. | No. 1:05-cv-02203-RWR <br><br> ANSWER |

Defendants, for their answer to the complaint, hereby state as follows:

1. This paragraph is plaintiff's characterization of this action, to which no response is required. To the extent a response is required, deny.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of this paragraph. The averments of the second sentence are legal conclusions, to which no response is required. To the extent a response is required, deny.

3. Admit.

4. This paragraph is plaintiff's characterization of this action, to which no response is required. To the extent a response is required, deny.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

6. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, deny; aver that the Environmental Protection Agency (EPA) is given certain responsibilities by law.

7. Admit.

8 - 9. These paragraphs consist of legal conclusions, to which no response is required. To the extent a response is required, deny.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of this paragraph. Admit the second, third and fourth sentences. The fifth sentence is plaintiff's characterization of this action, to which no response is required. To the extent a response is required, deny.

11. Admit that, "[i]n 2002, AMVAC corresponded with EPA." Defendants lack knowledge or information sufficient to form a belief as to the truth of the other averments contained in this paragraph.

12. Deny; aver the existence of a letter dated November 12, 2002, from Barry M. Hartman, Kirkpatrick & Lockhart LLP, to Daniel M. Flores, Department of Justice.

13. Admit that, "[o]n September 16, 2004, the Natural Resources Defense Council submitted a FOIA request to EPA." Except for the alleged "November 12, 2002 letter from counsel for AMVAC to the EPA," the records or portions of records encompassed by this action are not identified in ¶ 12 or elsewhere in the complaint. Accordingly, defendants lack knowledge or information sufficient to form a belief as to the truth of the other averments contained in this paragraph.

14. Deny that "EPA temporarily denied the FOIA request"; aver that EPA has forborne to date the release of certain records or portions of records responsive to the request. Admit the other averments of this paragraph.

15. Admit.

16. Deny.

17. For their response to this paragraph, defendants repeat and reallege their responses to ¶¶ 1 - 16.

18 - 22. Deny.

Prayer. No response to the prayer is required. To the extent a response is required, deny that plaintiff is entitled to the requested relief or to any relief whatsoever.

No answer to the internal headings of the complaint is required. To the extent a response is required, deny.

Every averment of the complaint not otherwise answered is hereby denied.

### FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

Wherefore, this action should be dismissed with prejudice and plaintiff should take nothing.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
KENNETH L. WAINSTEIN
United States Attorney

_____
ELIZABETH J. SHAPIRO, DC Bar 418925
DAVID M. GLASS, DC Bar 544549
Attorneys, Department of Justice
20 Mass. Ave., N.W., Room 7140
Washington, D.C. 20530
Tel: (202) 514-4469/Fax: (202) 616-8470
E-mail: david.glass@usdoj.gov

Dated: January 12, 2006                    Attorneys for Defendants